# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

RONNIE BRADFIELD a/k/a )
PAUL FARNSWORTH, )
)
    Plaintiff, )
)
VS. )     No. 16-1234-JDT-cgc
)
JOHN BORDEN, ET AL., )
)
    Defendants. )

---

ORDER TO MODIFY THE DOCKET, DENYING MOTION TO PROCEED
*IN FORMA PAUPERIS*, DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(g),
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

---

Plaintiff Ronnie Bradfield a/k/a Paul Farnsworth filed a *pro se* complaint pursuant to 42

U.S.C. § 1983 on August 25, 2016, while he was incarcerated at the Hardeman County

Correctional Facility (HCCF) in Whiteville, Tennessee. (ECF No. 1.) The complaint was

accompanied by a motion for leave to proceed *in forma pauperis*. (ECF No 2.) The Defendants

named in the original complaint are Dr. Kenneth B. Beard, a dentist; Health Administrators Desiree

Andrews and John Borden; Grievance Chairperson Lotoya Brown; Assistant Warden First Name

Unknown (FNU) Burns; Dr. FNU Dietz, a physician; Warden Grady Perry; Unit Manager Dorothy

Robertson; and an unspecified number of Jane/John Doe nurses.[1]  Plaintiff asserted claims for

---

[1] The Clerk also has listed Joe Easterland as a defendant. However, the reference to Easterland in the complaint is in response to a question on the form about defendants in *prior* lawsuits. Plaintiff does not actually name Easterland as a party in this case. The Clerk is directed to **MODIFY** the docket to remove Joe Easterland as a defendant in this action.

denial of adequate medical and dental care, failure to properly process and respond to grievances, and retaliation for filing prior lawsuits.[2]

On February 8, 2017, Bradfield filed a supplemental complaint. (ECF No. 5.) The supplemental complaint names HCCF Librarian Darlene Mathews and her supervisor, Michael Booker, as additional Defendants, asserting a claim against them for denial of access to the courts. Furthermore, Plaintiff concedes in the supplemental complaint that Defendants Beard, Dietz and Borden provided him with medical care for his various health problems. (*Id.* at 6.) Therefore, the supplemental complaint withdraws Plaintiff's claims against those Defendants and also the claims against the Jane/John Doe nurses.[3] (*Id.*)

On February 23, 2018, Plaintiff notified the Court that he had been released from prison. (ECF No. 8.) He provided both a new physicial address and an e-mail address and requested that he receive all filings in this case via his e-mail address. (*Id.*)4 Accordingly, the Clerk is directed to **MODIFY** the docket to include Plaintiff's e-mail address so that he may receive Notices of Electronic Filing (NEFs) in this case.

---

[2] The original complaint also purports to name "Jane/John Does" as defendants. However, service of process cannot be made on unidentified parties, and the filing of a complaint against such defendants does not toll the running of the statute of limitation against those parties. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996).

[3] Plaintiff does not specifically state that he is withdrawing his claims against Defendant Andrews as well. However, both Borden and Andrews are identified in the complaint as HCCF Health Administrators, and the claims against them are identical. (ECF No. 1 at PageID 13.) Therefore, the Court also considers the claims against Andrews withdrawn.

[4] Before Plaintiff filed his change of address, the Court entered an order directing him to show cause, within twenty-one days, why this case should not be dismissed for failure to keep the Court apprised of his whereabouts. (ECF No. 7.) While Plaintiff did not respond directly to the show cause order, his change of address was filed within the specified time.

Under the Prison Litigation Reform Act, 28 U.S.C. § 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a)-(b). The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs."), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

However, not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b). Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, "[s]uch a litigant cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). The Sixth Circuit has upheld the constitutionality of this provision. *Wilson v. Yaklich*, 148 F.3d 596, 602-06 (6th Cir. 1998).

Plaintiff has filed at least four previous lawsuits in this district that were dismissed for failure to state a claim or as frivolous. *See Bradfield v. City of Memphis, et al.*, No. 96-3184-BBD-dkv (W.D. Tenn. Feb. 3, 1997) (collecting cases). Therefore, Plaintiff may not file any action, while he is incarcerated, in which he proceeds *in forma pauperis* unless he first demonstrates that he is under imminent danger of serious physical injury. The assessment of whether a prisoner

is in imminent danger is made at the time of the filing of the complaint and/or amended complaint. *See, e.g.*, *Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011); *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008); *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312-16 (3d Cir. 2001) (en banc).

The original complaint alleges that the supervisory Defendants, Burns and Perry, failed to respond to Plaintiff's various grievances and letters. Defendant Brown, the grievance chairperson, allegedly failed to process his grievances in a timely manner, and the Unit Manager, Defendant Robertson, allegedly retaliated against Plaintiff because of his prior lawsuit against her by assigning him a job that was against his medical restrictions. None of these allegations sufficiently allege that Plaintiff was in imminent danger of serious physical injury when the original complaint was filed. Furthermore, as stated, the supplemental complaint withdraws Plaintiff's claims regarding inadequate medical care, and the remainder of the supplemental complaint alleges only that his access to the courts was denied. There also is no allegation that Plaintiff was in imminent danger of serious physical injury in connection with his access-to-courts claims.

The complaint and supplemental complaint do not come within the exception to 28 U.S.C. § 1915(g); therefore, the Court cannot address their merits unless Plaintiff first tenders the civil filing fee. Therefore, the application for leave to proceed *in forma pauperis* is **DENIED** pursuant to 28 U.S.C. § 1915(g). This action is **DISMISSED without prejudice**. Plaintiff may, within twenty-eight (28) days after the entry of judgment, reopen the case by filing a motion to reopen accompanied by full payment of the $400 civil filing fee.

4

The Court hereby **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that an appeal by Plaintiff in this case would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE